UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Bridgette Neal, | ) C/A No. 6:12-1995-TMC-KFM |
|---|---|
| Plaintiff, | ) |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| ORS, etc.; USA; Duke Energy, et al., | ) |
| Defendants. | ) |

## Background

This *pro se* Plaintiff brings a civil class action seeking damages and injunctive relief against numerous defendants. She filed a 265-page complaint wherein she purports to bring this action for a second time now that she has exhausted her remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. Plaintiff filed a prior similar case in this court on June 10, 2011, and the undersigned recommended summary dismissal of that case for several reasons. *See* Report and Recommendation, *Neal v. Duke Energy, et al. ("Neal I")*, C/A No. 6:11-1420-TMC-KFM (D.S.C. June 30, 2011), ECF No. 20.[1] After Plaintiff filed objections, the United States District Judge Timothy M. Cain dismissed *Neal I* without prejudice, and the court stated that "[t]o the extent that Neal properly complies with the FTCA and exhausts her administrative remedies in the future, she is free to refile her complaint then." *See* Order, *Neal I*, C/A No. 6:11-1420-TMC-KFM (D.S.C. Oct. 26, 2011), ECF No. 28.

---

[1] It is appropriate for this court to take judicial notice of Plaintiff's prior cases. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

In the action *sub judice*, Plaintiff attached a copy of a Standard Form 95 that she filed with the United States Department of Justice and the May 16, 2012, letter from the United States Department of Justice to Plaintiff denying her tort claim. Compl. Attach. 3, ECF No. 1-3. In the complaint, Plaintiff alleges that she brings this action within the proper time frame after a denial of her federal tort claim. Compl. 8. She sues the United States, the Federal Bureau of Investigation ("FBI"), the South Carolina Law Enforcement Division ("SLED"), the South Carolina Highway Patrol, numerous businesses and companies, and state, county, and city vehicles ("Defendants"). Compl. 3–6. Plaintiff states that her list of defendants is a "Partial List, Full List available at Trial." *Id.* Plaintiff alleges that she brings this action on her own behalf and that it is a class action for friends, family, church family, and individuals affected by this case whom she refers to as "the affected un-aware participants" who will need to acquire counsel. Compl. 2, 11-15, 21–23.

Plaintiff alleges that Defendants committed many unlawful acts, including stalking, harassment, invasion of privacy, and civil rights violations against Plaintiff and other class members. Compl. 7. Plaintiff further alleges that Defendants violated numerous federal and state laws, Compl. 11–16, and she alleges that Defendants have violated several criminal statutes. *See, e.g.*, Compl. 34–35, 57–58, 91–92. Plaintiff alleges a detailed prayer for relief, requesting things for herself and on behalf of the affected un-aware participants. Compl. 263–65.

Specifically, Plaintiff seems to allege that from February 21, 2009, to November 1, 2009, she learned that Defendants, without her permission, installed a global positioning system ("GPS") tracking device in her automobile so that they could know her location. Compl. 29. She also alleges that tracking devices are located in her cell phone

and laptop computer such that defendants know the location of those devices, and Defendants remotely review and capture information she has stored on her devices. Compl. 30. She seems to complain that Defendants share her private information with each other without permission. Compl. 28. Plaintiff also seems to allege that Defendants have intercepted messages sent to friends that are embarrassing or compromising such that Defendants are "peeping toms." Compl. 32–35, 91.

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

In *Neal I*, Plaintiff attempted to bring a class action representing the same individuals whom she seeks to represent in this action albeit now with the purported request for assistance of counsel. In *Neal I*, this court explained to Plaintiff that she lacks standing to litigate other persons' legal rights. *See Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a non-attorney parent may not litigate the claims of their minor children in federal court, even where Virginia law permits the parent to assert the children's claims); *Oxendine v. Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a *pro se* prisoner unassisted by counsel cannot be an advocate for others in a class action). This court stated that potential class members' possible claims should not be left to a layperson for litigation. It seems that Plaintiff understood, in part, this court's ruling related to a class action, because she seeks to overcome her inability to bring a class action by alleging several times statements such as the class will "need to acquire counsel." Plaintiff's inclusion of this type of statement in her complaint does not prevent this case from being dismissed for lack of standing pursuant to *Myers*, 418 F.3d at 400. Plaintiff is still seeking to bring a class action on behalf of others. Plaintiff is not permitted to begin the litigation on a class' behalf with counsel appearing later. Future counsel would need to file a complaint on behalf of a class in order to begin a civil action. Moreover, this court is not permitted to certify a class action where a *pro se* litigant will act as the representative of that class. *See Fowler v. Lee*, 18 F. App'x 164 (4th Cir. 2001). Therefore, because Plaintiff lacks standing to bring a class action, this court does not have subject matter jurisdiction over this action. *Cf. Glucotec, Inc. v. United States Dep't of Health and Human Serv.*, C/A No. 6:07-2995-HMH, 2008 WL 1766709, at *2 (D.S.C. April 11, 2008) (noting

4

that subject matter jurisdiction is limited by "cases and controversies," standing, and ripeness).

Secondly, this action should be dismissed because Plaintiff failed to comply with the Federal Rule of Civil Procedure 8(a)'s requirement that the complaint contain a "short and plain statement of the claim." Fed. R. Civ. P. 8(a). Even liberally construing the complaint and giving the *pro se* Plaintiff greater leeway, this complaint is less-than-coherent, difficult to decipher, and substantially too lengthy. Each defendant would be forced to guess which cause of action he must defend himself against and what factual allegations support each cause of action. *Cf. Sewraz v. Long*, 407 F. App'x 718 (4th Cir. Jan. 6, 2011) (finding that a thirty-three page *pro se* complaint was easy to understand and comprehensible without difficulty or guesswork and explaining that complaints properly dismissed under Rule 8(a) are substantially longer and more complex); *Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (affirming dismissal of a 155-page complaint and noting that length and complexity may make a complaint unintelligible); *Westinghouse Sec. Litig.*, 90 F.3d 696, 703 (3d Cir. 1996) (noting that the 240-page complaint was unnecessarily complicated and verbose in violation of Rule 8).

Further, although this court previously found in *Neal I* that Plaintiff cannot sue state agencies in this court because of the Eleventh Amendment to the United States Constitution, Plaintiff again sues several South Carolina defendants. Plaintiff seems to allege that because she seeks future injunctive relief against state agencies, the Eleventh Amendment is inapplicable. The Eleventh Amendment does permit "suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew v. Hawkins*,

540 U.S. 431, 437 (2004). However, Plaintiff seeks money damages in addition to injunctive relief, so the Eleventh Amendment still applies to this case to bar Plaintiff's claims seeking money damages against South Carolina and its agencies.

Additionally, although this court informed Plaintiff in *Neal I* that she could not sue vehicles pursuant to § 1983, the complaint again names several defendants which are alleged to be vehicles. In order to state a civil rights claim pursuant to 42 U.S.C. § 1983, a plaintiff must sufficiently allege that she was injured by "the deprivation of any [of her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"). Inanimate objects such as buildings, facilities, and grounds are not persons who can act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983). Similarly, a vehicle is an object, and not a person, which cannot be sued under § 1983. Thus, Plaintiff's allegations against vehicles fail to state cognizable § 1983 claims.

Plaintiff also alleges that Defendants have engaged in criminal acts. Plaintiff cannot have this court prosecute criminal charges against Defendants as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the

6

prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Accordingly, to the extent Plaintiff seeks criminal prosecution of Defendants in this action, that has no basis in law.

Finally, Plaintiff's factual allegations are frivolous as fanciful and delusional.[2] Plaintiff's claim that,

> [a]ll seem to be violating explicit privacy laws by tapping phone calls every minute of the day as well as, tapping into the same signal the gps/signal or dsllocator, captures any movement whatsoever and where ever the car travels or is parked, or traveling by relaying real time data consistently, regardless of whether the Plaintiff is sitting in the car and using it, or whether it is parked,

is made without any viable factual supporting allegations and appears to be the product of paranoid fantasy. Compl. 30. Similarly, Plaintiff's claim that,

> [d]efendant, intentionally and without consent or other legal justification, tracked plaintiffs' total activity while Plaintiffs were traveling, working, walking, meeting clients etc., surfing the web, talking on the phone, at church everywhere possible and, in the process, connected Plaintiffs' personally identifiable information to their specific actions Nationally as well as locally and on the Internet,

also is made without any viable factual supporting allegations and appears to be the product of paranoid fantasy. Compl. 138. *See Feurtado v. McNair*, C/A No. 3:05-1933-SB, 2006 WL 1663792, at *2 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. May 15, 2007); *Brock v. Angelone*, 105 F.3d 952, 953-54 (4th Cir. 1997) (finding that

---

[2] Similarly, in *Neal I* the undersigned found the complaint to contain frivolous factual allegations.

prisoner's claim that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his prison was fanciful or delusional, and the appeal was dismissed as frivolous with sanctions). *Cf. Sloan v. City of Asheville Police*, No. 91-6330, 1992 WL 212141, at *1 (4th Cir. 1992) (finding that allegations by a homeless person that he was harassed by police is not inherently fantastic or delusional). Therefore, this court should dismiss this action based on frivolousness.

## Recommendation

It is recommended that the District Court dismiss this action *without prejudice*. Plaintiff's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

July 26, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).