IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Bridgette Neal, | ) | |
| | ) | C/A No. 6:12-1995-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ORS, etc.; USA; Duke Energy, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Bridgette Neal ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action seeking damages and injunctive relief against numerous defendants, including the United States, the Federal Bureau of Investigation ("FBI"), the South Carolina Law Enforcement Division ("SLED"), the South Carolina Highway Patrol, numerous businesses and companies, and state, county, and city vehicles. In her 265-page Complaint, Plaintiff alleges that Defendants have committed many unlawful acts, including stalking, harassment, invasion of privacy, and civil rights violations against Plaintiff and other class members. Plaintiff further alleges that Defendants have violated several criminal statutes.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On July 26, 2012, Magistrate Judge Kevin F. McDonald issued a Report and Recommendation ("Report") recommending that the action be dismissed without prejudice. (Dkt. # 11). Among other things, the Magistrate Judge found this action should be dismissed

because Plaintiff lacks standing to bring a class action or to enforce criminal statutes, has failed to comply with the Rule 8 of the Federal Rules of Civil Procedure, and the Complaint is frivolous as fanciful and delusional. The Magistrate Judge provided Plaintiff a notice advising her of her right to file objections to the Report. (Dkt. # 11 at 9). Plaintiff filed objections to the Magistrate Judge's Report on August 8, 2012. (Dkt. # 14).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

As noted above, Plaintiff filed objections to the Report which the court has

carefully reviewed.  However, the Plaintiff's objections provide no basis for this court to deviate from the Magistrate Judge's recommended disposition.  The objections are non-specific, unrelated to the dispositive portions of the Report or merely restate Plaintiff's claims.  Plaintiff fails to specifically argue where the Magistrate Judge erred in his analysis.  A party's general, non-specific objection is insufficient to challenge findings by a Magistrate Judge.  28 U.S.C.A. § 636(b)(1).  In the absence of specific objections, this court need not explain its reasons for adopting the recommendation.

After the Report and Recommendation was issued, the Plaintiff filed a motion to amend her complaint.  (Dkt. # 15).  "Although leave to amend should be 'freely give [n] when justice so requires,' a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying reason.' " *Equal Rights Ctr. v. Niles Bolton Assoc.*, 602 F.3d 597, 603 (4th Cir. 2010) (*quoting* Fed.R.Civ.P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile."  *Id*.  Plaintiff states she would like to amend her complaint by omitting all "criminal complaints" and the class action claims.  However, allowing the amendment would be futile as the case is still subject to dismissal for frivolousness and the other reasons as set forth in the Report and Recommendation.

After a thorough review of the Report and the record in this case, the Court finds Plaintiff's objections are without merit.  Accordingly, the court adopts the Report and incorporates it herein.  It is therefore **ORDERED** that the action is **DISMISSED** without

prejudice and that Plaintiff's motion to amend the Complaint is **DENIED.**

    **IT IS SO ORDERED.**

                                      s/Timothy M. Cain
                                      United States District Judge

August 23, 2012
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

    The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.